Rawson v. Taylor.

---◆---

LYMAN RAWSON *vs.* OBED TAYLOR *et ux.*

By R. S. of 1857, c. 104, § 3, the plaintiff in a real action is required to " set forth the estate he claims in the premises, whether in fee-simple, fee-tail, for life, or for years ; and if for life, then whether for his own life or that of another.

To recover he must prove that he is entitled to such estate as he has alleged, and that he had a right of entry therein when he commenced his action.

ON REPORT.

REAL ACTION for the recovery of the possession of certain land

described in the writ, and for rent thereof. The writ set out an estate in fee in the plaintiff.

The plaintiff put in a ·judgment recorded in his own favor in March, 1864, against Sarah Brister, and a levy of the execution issued thereon upon the premises, the appraisers' certificate describing the estate set off as the "life-estate of Sarah Brister," "to hold to said creditor, his heirs and assigns, for and during the natural life of the said Sarah Brister."

*Rawson*, pro se.

*Bolster & Wright*, for the defendants.

APPLETON, C. J. The demandant by his levy on his execution against Sarah Brister obtained only an estate during her life.

By R. S., 1857, c. 104, § 3, the demandant is required to "set forth the estate he claims in the premises, whether in fee-simple, fee-tail, for life or for years; and if for life, then whether for her own life or that of another," &c. By § 8, if the demandant proves that he is entitled to such estate in the premises as he has alleged, and had a right ·of entry therein when he commenced his action, he shall recover the premises, unless the tenant proves a better title in himself.

In the declaration the demandant claims an estate in fee. His proof utterly fails to support it. The action cannot be sustained without an amendment. As none is asked for, the plaintiff must become nonsuit. *Plaintiff nonsuit*.

KENT, DICKERSON, BARROWS, DANFORTH, TAPLEY, JJ., concurred.